IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016


**STATE OF TENNESSEE v. TIMOTHY WAYNE JOHNSON**

**Appeal from the Circuit Court for Warren County**
**No. F-13899, F-13666     Larry B. Stanley, Jr., Judge**

_____

**No. M2015-01665-CCA-R3-CD – Filed January 26, 2016**

_____


Defendant, Timothy Wayne Johnson, sought relief in Warren County under a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion was summarily denied, and Defendant timely appealed the ruling. Upon review, we affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROGER A. PAGE, JJ., joined.

Russell S. Mainord, Altamont, Tennessee for the appellant, Timothy Wayne Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Thomas J. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

On March 6, 2013, Defendant pled guilty in Warren County Circuit Court, case number F-13899, to violation of the habitual traffic offender status in Count 1 and driving under the influence in Count 3. Counts 5 and 6 were dismissed and Count 4 merged into Count 3 "as a matter of law."[1] Defendant was sentenced to six years in Count 1 as a

---

[1] The charged offenses in Counts 2, 4, 5, and 6 are not apparent from the scant technical record. In Defendant's pro se petition, he alleges that he was arrested for one violation of habitual traffic offender status, 7th offense driving on a revoked license, driving under the influence, driving with a blood alcohol content of .08 or greater, violation of the registration law, and violation of the financial responsibility law.

Range III, persistent offender to be served on probation after service of 180 days in incarceration. The sentence was ordered to run concurrently with Count 3 but consecutively to Defendant's "Franklin County TDOC sentence and any other case." Defendant was also ordered to serve forty hours of community service. In Count 3, Defendant was sentenced to eleven months and twenty nine days to be served on probation after service of ten days in incarceration. Defendant was ordered to serve this sentence concurrently with Count 1 but consecutively to Defendant's "Franklin County TDOC sentence and any other case." Defendant was also ordered to perform 32 hours of community service, attend a victim impact panel meeting, complete an alcohol and drug assessment, and follow treatment recommendations. The trial court also revoked his driver's license for one year "consecutive to any revocation or suspension currently in effect."

On May 21, 2014, Defendant's probation was revoked for a "Violation of HTO."[2] He was ordered to serve the original sentence of six years with credit for time served in the county jail from "3/6/2014 to 5/20/2014."

On June 17, 2015, Defendant filed a motion under Rule 36.1 to correct an allegedly illegal sentence. The motion was filed pro se. In this motion, Defendant asserted that his conviction for violation of the habitual motor vehicle offender status was not eligible for probation.[3] He did not present any allegations of ineffective assistance of counsel in this petition.

The trial court denied the second Rule 36.1 motion on August 17, 2015, finding that *State v. Martin*, 146 S.W.3d 74 (Tenn. Crim. App. 2004), was dispositive of the issue. On August 27, 2015, counsel was appointed to represent Defendant in his appeal

---

[2] It appears that "HTO" is an abbreviation for habitual traffic offender.

[3] Prior to the June motion, on October 20, 2014, Defendant filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1 in which he alleged that it was a conflict of interest for the public defender to represent him at the probation violation hearing because of the ineffective assistance of the public defender who was appointed to represent him during the plea negotiations. Defendant also argued that the trial court erred when it sentenced Defendant on a violation of probation in case number F-13899 because the sentence in that case was ordered to run consecutively to a two-year sentence for a 2012 conviction of violation of the sex offender law and was not supposed to start until the two-year sentence had expired. Thereafter, various pleadings were filed both pro se and by counsel, including a notice of appeal and a "Motion to Amend Petition for Furlough," which counsel for Defendant argued should be treated as a Rule 35 motion for reduction of sentence. The trial court eventually dismissed the petition to correct an illegal sentence, determining that Defendant's legal theory—that his probation could not be violated in case number F-13899 because he had not yet begun to serve the sentence—had "no support in the Rules, statutes, or case law." The trial court treated Defendant's motion to amend furlough as a Rule 35 motion for reduction of sentence and denied relief. These prior pleadings appear in the technical record but are not a part of this appeal.

from the Rule 36.1 filed in June of 2015.[4]  On August 27, 2015, Defendant filed a notice of appeal from the denial of his second Rule 36.1.

*Analysis*

On appeal, Defendant argues that he received an illegal sentence and that he received ineffective assistance of counsel at the revocation of probation hearing.

Defendant did not present ineffective assistance of counsel as a ground for relief in his petition under Rule 36.1 that is on review herein.  "Issues raised for the first time on appeal are considered waived." *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).  Moreover, the issue of ineffective assistance of counsel "is properly addressed via a petition for post-conviction relief, not a motion to correct an illegal sentence." *State v. Derron Guy*, No. W2015-00536-CCA-R3-CD, 2015 WL 7354308, at *3 (Tenn. Crim. App. Nov. 20, 2015).  This issue is waived.

With regard to Defendant's claim that he received an illegal sentence, we note that Rule 36.1 of the Tennessee Rules of Criminal Procedure, in pertinent part, provides:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.  For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. . . .

Tenn. R. Crim. P. 36.1(a).  The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b).  "[F]or purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).  Although the movant is not required to support a Rule 36.1 claim by providing documentation from the record, *see id.* (citing *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. May 28, 2014)), the trial court, "when determining whether a Rule 36.1 motion sufficiently states a colorable claim, . . . may consult the record of the proceeding from which the allegedly illegal sentence emanated." *Id.*

---

[4] As noted previously, the technical record contains several motions and orders prepared and filed by appointed counsel, Russell S. Mainord, before this date.  However, Attorney Mainord was not appointed until August 27, 2015, by the trial court for this appeal.  It is unclear if Attorney Mainord actually represented Defendant at the August 27, 2015 hearing before the trial court.

Defendant has not stated a colorable claim for relief. He alleges that he was not eligible for probation for his conviction for a violation of Tennessee Code Annotated section 55-10-616. This claim is flat wrong because it ignores controlling case law on this subject.

Although the Motor Vehicle Habitual Offenders Act, beginning at Tennessee Code Annotated section 55-10-601, states that a trial court may not suspend a sentence or fine under the Act, this Court has ruled that alternative sentences are appropriate for persons sentenced under the Act. *State v. Martin*, 146 S.W.3d 64, 70 (Tenn. Crim. App. 2004). In *Martin*, the case relied upon by the trial court in denying relief, the defendant pled guilty to violating a habitual motor vehicle offender order after he drove a parade float that was involved in an accident. The defendant was sentenced as a Range II, multiple offender, to four years, the maximum sentence within the sentencing range. The trial court in that case relied heavily on the defendant's thirteen prior convictions for driving-related offenses in denying an alternative sentence. *Id.* at 67-68. On appeal, this Court determined that the trial court improperly denied the defendant a sentence other than total confinement. *Id.* at 69.

A violation of Tennessee Code Annotation section 55-10-616(b) is a Class E felony for which a defendant is eligible for probation. The trial court was exactly correct when it found that Defendant had not stated a colorable claim that his sentence is illegal and, thus, he is not entitled to relief. We affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE